RICK ALLAN RHOADES, Appellant

NO. 71,595              v.   - - - -      Appeal from Harris County

THE STATE OF TEXAS, Appellee

### DISSENTING OPINION

I dissent to the majority's dogged determination to give the slip to Simmons v. South Carolina, ___ U.S. ___, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994). In my view a requirement that trial courts inform juries about the earliest possible release date attached to a life sentence obtains if a defendant has shown other evidence that, in combination with the information about release dates, tends to show that a capital defendant will not be a future danger to society. Willingham v. State, 897 S.W.2d 351, 359 (Tex.Cr.App. 1995) (Clinton, J., concurring). Unlike most appellants raising Simmons claims, appellant here offered precisely such evidence at trial. During punishment, appellant adduced uncontroverted expert testimony from a psychologist to the effect that his tendency to violence would be greatly mollified by the time he reached the age of sixty-three. Of course the full significance of this testimony will be lost on a jury that does not know that appellant cannot be released into society until at least that age. It escapes me how this Court can gainsay the force of the reasoning in Simmons when presented with such evidence, evidence that in my view makes information about the earliest potential release date available to appellant should he be sentenced to life imprisonment unquestionably relevant to future dangerousness.[1]

I also write to express disagreement with the majority's discussion of appellant's eighteenth point of error. At punishment, the trial court refused to admit eleven photographs presented by appellant depicting him at various points throughout his childhood.

---

[1] My resolution of this point of error casts doubt on the propriety of the trial court's refusal to permit appellant to question members of the venire panel on the issue of earliest possible release dates. But if this is indeed voir dire error, it is no doubt error affecting punishment only and thus requires a remand only for a new punishment hearing. See Article 44.29(c); Ransom v. State, 920 S.W.2d 288 (Tex.Cr.App. 1996). As my resolution of the predicate issue would already require the Court to remand for a new punishment hearing, however, there is no need to resolve the voir dire question.

RHOADES                Dissenting Opinion                    -2-

The majority affirmed the trial court's decision on grounds that I find unnecessary, inadequately discussed, and simply wrong.

The majority states that mitigating evidence must relate to a defendant's personal moral culpability. It thus holds that the trial court was correct in refusing to admit the photographs because they do not reflect upon appellant's moral culpability. As I have iterated previously, I do not believe that Supreme Court caselaw answers this very difficult question as the majority, in a few brief paragraphs, does.

By way of the majority's discussion in this regard we essentially revisit the nexus requirement, Lackey v. State, 819 S.W.2d 111 (Tex.Cr.App. 1991) (On appellant's motion for rehearing), in a new setting. This court-created admissibility threshold is again urged by the majority, though not in the precise terms. In my opinion, the fundamental problem with such a relevancy requirement persists. Lackey, 819 S.W.2d at 136 (Clinton, J., dissenting); Goss v. State, 826 S.W.2d 162, 169 (Tex.Cr.App. 1992) (Clinton, J., dissenting); see also Ex parte Bower, 823 S.W.2d 284, 288-295 (Tex. Cr.App. 1991) (Clinton, J., dissenting). By upholding the trial court's exclusion of the eleven photographs on the basis that the photographs do not pertain to appellant's moral culpability, the majority continues to ignore the Supreme Court's jurisprudence to the contrary. For the same reasons I criticized the nexus requirement, I dissent in this cause as well.

To justify its position, the majority has seized on language in Franklin v. Lynaugh, 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988) (plurality opinion), and Penry v. Lynaugh, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), that indicates that the appropriate punishment in a capital trial is purely a function of the defendant's personal moral culpability.[2] Slip op., ante at 15-16.

---

[2] The majority also cites Article 37.071 §2(f)(4) to support its conclusion. Yet the effect of the jury instruction called for by §2(f)(4) on the definition of mitigating evidence in §2(e) presents a problem that has not been resolved by the Court. Article 37.071 §2(e) arguably allows a much broader range of mitigating ev-
(continued...)

RHODES            Dissenting Opinion            -3-

While this language indicates that mitigating evidence is relevant only if it reflects on the moral culpability of the defendant, the comments only appear to be dicta. The Supreme Court has never explicitly arrived at that conclusion in a holding of a majority opinion.

Moreover, other portions of the Penry opinion support my long-held belief -- based on my reading of the Court's caselaw -- that there can be no such limitation on the scope of mitigating evidence. For instance, the Court cited the holding in Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), "[t]hat the Eighth and Fourteenth Amendments require that the sentencer 'not be precluded from considering, as a *mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.'" Id., 492 U.S. at 317, 109 S.Ct. at 2946, 106 L.Ed.2d at 277 (emphasis in original) (citation omitted). The Court also cited Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), for the proposition that "[a] State may not by statute preclude the sentencer from considering any mitigating factor . . ." Penry, 492 U.S. at 318, 109 S.Ct. at 2946, 106 L.Ed.2d at 278. Indeed, as Penry noted, our death penalty scheme survived constitutional scrutiny in Jurek because this Court "broadly interpreted the second [special issue] . . . so as to permit the sentencer to consider <u>whatever</u> mitigating circumstances the defendant might be able to offer." Id., 492 U.S. at 317, 109 S.Ct. at 2946, 106 L.Ed.2d at 277 (internal quotations and citations omitted) (emphasis added).

In any event, the Supreme Court has never renounced its deci-

---

²(...continued)
idence than §2(f)(4). Though it has been presented to the Court on prior occasions, the issue has not yet been decided in my opinion. The Court has touched on it, though incompletely and even inconsistently. See Lawton v. State, 913 S.W.2d 542, 555-6 (Tex.Cr.App. 1995); McFarland v. State, ___ S.W.2d ___ (Tex.Cr.App., No. 71,557, delivered February 22, 1996) (slip op. at 49); Alvarado v. State, 912 S.W.2d 199, 217 (Tex.Cr.App. 1995) (plurality opinion); Goff v. State, ___ S.W.2d ___ (Tex.Cr.App., No. 71,404, delivered May 22, 1996) (slip op. at 26).

RHOADES                Dissenting Opinion                -4-

sion in Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986). In Skipper, the Court held that it violates the Eighth and Fourteenth Amendments for the trial court to refuse to admit evidence of the petitioner's post-arrest, pre-trial good conduct and adjustment during incarceration. The Court arrived at this conclusion even though expressly recognizing that the mitigating effect of the evidence did not derive from its relation to the petitioner's culpability for the offense he committed. Despite language to the contrary in Penry, supra, I continue to believe that:

> "the principle of Skipper [that proffered evidence does not necessarily have to relate specifically to culpability for the charged crime to be relevant to serve as a valid basis for a sentence less than death] remains intact . . . and applies beyond the context of good conduct in jail."

Lackey, 819 S.W.2d at 137 (Clinton, J., dissenting).

Accordingly, the photographs adduced by appellant should have been admitted by the trial court, even if the only purpose of their introduction was to solicit the mercy of the jury. The dispensation of mercy is a "fundamental tradition of our system of criminal jurisprudence," and one of the jury's core prerogatives. Boyd v. State, 811 S.W.2d 105, 130 n.5 (Tex.Cr.App. 1991) (Clinton, J., dissenting) (citations omitted). The majority is wrong to conclude that the photographs are inadmissible on the rationale that they do not relate to appellant's personal moral culpability. Moreover, the majority decides this intractable, complicated, very important constitutional question with but a wave of a hand and a brushing aside of Supreme Court precedent inconsistent with its holding.

To the short-shrift the majority gives a pair of Supreme Court cases from South Carolina, I dissent.

CLINTON, Judge

(Delivered: October 2, 1996)
EN BANC
PUBLISH

Overstreet, J., joins.